**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1111
_____

JASMINDER SINGH,
Appellant

v.

ALEJANDRO MAYORKAS, Secretary; DEPARTMENT OF HOMELAND
SECURITY; UR M. JADDOU, Director; U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1:24-cv-10385)
District Judge:  Honorable Christine P. O'Hearn
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 6, 2025

Before: HARDIMAN, MATEY, and CHUNG, <u>Circuit Judges</u>

(Opinion filed: May 7, 2025)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Federal prisoner Jasminder Singh appeals pro se from the District Court's order dismissing his complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, we will affirm that judgment.

I.

It appears that, in or around September 2024, United States Immigration and Customs Enforcement ("ICE") lodged with Singh's federal prison an immigration detainer against him. Singh subsequently filed a pro se complaint in the District Court against ICE, ICE's Director, the Department of Homeland Security ("DHS"), and DHS's Secretary. The complaint took issue with the fact that the immigration-detainer form that he received was missing the issuing immigration officer's signature. In view of this omission, Singh sought relief under the Fifth Amendment, the Administrative Procedure Act ("APA"), and the Declaratory Judgment Act ("DJA").

The District Court screened the complaint pursuant to § 1915(e)(2) and, in January 2025, dismissed it with prejudice for failure to state a claim upon which relief may be granted. This timely appeal followed.[1]

---

[1] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and we exercise plenary review over the District Court's decision. See Herrera v. Agents of Pa. Bd. of Prob. & Parole, 132 F.4th 248, 254 n.5 (3d Cir. 2025). We may affirm that decision on any basis supported by the record. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

## II.

We see no reason to disturb the District Court's decision. For one thing, Singh has not established that the alleged omission on the immigration-detainer form, by itself, violated his Fifth Amendment rights, especially since an immigration detainer is merely a *request* to the entity housing the prisoner. See City of Philadelphia v. Att'y Gen., 916 F.3d 276, 281 (3d Cir. 2019); see also Galarza v. Szalczyk, 745 F.3d 634, 640 (3d Cir. 2014) ("All Courts of Appeals to have commented on the character of ICE detainers refer to them as 'requests' or as part of an 'informal procedure.'"). Furthermore, assuming for the sake of argument that the APA could be a viable vehicle in this context, Singh's attack under the APA fails because it is premised on his meritless Fifth Amendment argument. And the DJA does not help him either, for that statute "does not . . . provide an independent basis for subject-matter jurisdiction; it merely defines a remedy." Allen v. DeBello, 861 F.3d 433, 444 (3d Cir. 2017). Accordingly, we will affirm the District Court's judgment.[2]

---

[2] On appeal, Singh appears to claim that, because the immigration detainer has been lodged against him, he cannot obtain relief under the First Step Act of 2018 or the Second Chance Act of 2007. But since he did not present this claim to the District Court in the first instance, we do not consider it here. See Del. Nation v. Pennsylvania, 446 F.3d 410, 416 (3d Cir. 2006).